IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF/RESPONDENT

V.                         Criminal No.   2:11-cr-20004-PKH-MEF-1
                           Civil No.      2:16-cv-02140-PKH-MEF

WAYNE KEITH NANCE                                                                       DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner's Notice of Dismissal of 28 U.S.C. § 2255 Petition. (Doc. 30)

### I. Background

On March 22, 2011, Defendant/Petitioner, Wayne Keith Nance ("Nance"), pleaded guilty to being a felon in possession of a firearm. (Docs. 13, 14) Sentencing was conducted on June 30, 2011, and Nance was sentenced to a term of 96 months imprisonment, three years supervised release, a $2,000.00 fine, and a $100.00 special assessment. (Doc. 15) Judgment was entered on July 1, 2011. (Doc. 17) Nance did not pursue relief on direct appeal.

Nance filed a Motion for Relief Under 28 U.S.C. § 2255 on June 20, 2016. (Doc. 21) In his § 2255 motion, Nance asserted that his prior convictions, found to be "crimes of violence" for enhancement purposes of U.S.S.G. § 2K2.1(a)(2), no longer qualified as predicate offenses in light of *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Doc. 21, pp. 2, 4-15)

On June 23, 2016, an Order was entered directing the United States to respond to Nance's § 2255 motion. (Doc. 24) On July 22, 2016, an Order granting the United States an extension of time to respond was entered. (Doc. 26) On August 22, 2016, the United States moved to stay the

proceedings pending the United States Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016). (Doc. 27) An Order granting the stay was entered on August 23, 2016. (Doc. 28) On March 8, 2017, following the Supreme Court's decision in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Court entered an Order terminating the stay and directing the United States to respond with 30 days.

Nance has now, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), given notice of dismissal of his Motion for Relief Under 28 U.S.C. § 2255.

## II. Discussion

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson*, *supra*, ruling that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review. The Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016) to address whether the language found in U.S.S.G. § 4B1.2(a)(2), defining a "crime of violence" for career offender purposes under the Sentencing Guidelines, is similarly unconstitutional in light of *Johnson*. For the reasons and upon the rationale set forth in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause.

Fed.R.Civ.P. 41(a)(1)(A)(i) provides for the voluntary dismissal of an action by a plaintiff, without a court order, by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. The United States has not yet filed and served an answer

or a motion for summary judgment.

### III.  Conclusion

To the extent that any court order is necessary, the undersigned recommends that Nance's Notice of Dismissal of 28 U.S.C. § 2255 Petition (Doc. 30) be **GRANTED**, and that Nance's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 21) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 22nd day of March, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE